1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NORBERTO T. ESPINDOLA,

               Plaintiff,

        v.

WASHINGTON STATE MIGRANT
COUNCIL, JORGE CASTILLO, JANE
DOE CASTILLO, ENRIQUE GARZA,
JANE DOE GARZA, BERNARDO
JARAMILLO, JANE DOE JARAMILLO,
LUANA LUMLEY, JOHN DOE LUMLEY,
JOHN DOES 1-20,

               Defendants.

NO. CV-10-03066-EFS

**ORDER HOLDING IN ABEYANCE
DEFENDANTS' MOTION TO DISMISS
IN FULL (INDIVIDUAL
DEFENDANTS) OR IN PART (WSMC)**

    Before the Court, without oral argument, is Defendants' Motion to Dismiss in Full (Individual Defendants) or in Part (WSMC) (ECF No. 5). Defendants Jorge Castillo, Enrique Garza, Bernardo Jaramillo, Luana Lumley, and their respective marital communities (collectively, "Individual Defendants"), and the Washington State Migrant Council (WSMC), seek to dismiss Plaintiff Norberto Espindola's remaining claims in full. After reviewing the submitted materials and relevant authority, the Court is fully informed and holds in abeyance Defendants' motion.
/

ORDER * 1

**A.   Background**[1]

Defendant WSMC is a private, not-for-profit Washington organization that provides Head Start services in several counties throughout Washington.  (ECF No. 1, ¶ 4.)  Head Start programs promote children's school readiness by enhancing their social and cognitive development through educational, health, nutritional, social, and other services.  42 U.S.C. § 981.  The WSMC, while funded by many sources, receives approximately eighty-five percent of its funds from the federal Head Start program.  As such, WSMC must adhere to federal Head Start employment laws.  (ECF No. 1, ¶¶ 9 & 11.)

Until December 17, 2007, Plaintiff was employed by the WSMC as its Chief of Programs Operations.  *Id*. ¶¶ 8 & 13.  On December 15, 2007, the WSMC Board of Directors ("Board") fired CEO Carlos M. Diaz.  *Id*. ¶ 7.  Thereafter, the Board decided to reorganize the WSMC's executive office, and by December 17, 2007, all employees (including Plaintiff), were dismissed.  *Id*. ¶ 8.  Plaintiff claims that these actions were taken in illegally-called meetings and without a legal quorum.  *Id*. ¶¶ 7-8.

Plaintiff's Complaint alleges that he was wrongfully terminated because he identified several federal-regulation violations by the Board and Board members: 1) serving on the Board despite having conflicts of interest, 2) serving on the Board while being undocumented, illegal aliens, 3) failing to comply with "planning," "shared governance," and the "Head Start Act as enacted on December 12, 2007," 4) unlawfully using

---

[1] The "background" section is based on the Complaint's (ECF No. 1) factual allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

ORDER * 2

federal funding, and 5) failing to include "Policy Councils" in personnel decisions. *Id*. ¶ 12. Although it is not entirely clear from his Complaint, Plaintiff principally argues that he was terminated because he supported the resignation of those Board members who are illegal aliens. As a result of Defendants' actions, Plaintiff suffered lost wages, emotional distress, damage to his personal and professional reputation, loss of income, and loss of professional opportunities, and incurred other costs. *Id*. ¶ 15.

Plaintiff filed this lawsuit in Yakima County Superior Court on August 1, 2010. (ECF No. 1.) Defendants removed the action to this Court on September 1, 2010. *Id*. His Complaint alleges claims for wrongful termination, hostile work environment, defamation, and retaliation in violation of the Washington Law Against Discrimination (WLAD), RCW 49.60. *Id*. ¶¶ 17-21.

Defendants filed the instant motion to dismiss on October 20, 2010. (ECF No. 5.) On December 8, 2010, one day before the motion was set for hearing, and after Defendants had filed their reply, Plaintiff sought leave to respond. (ECF No. 11.) Although Plaintiff's request was grossly untimely, the Court granted his request and extended the briefing schedule. (ECF No. 21.)

**B.   Dismissal Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to "state a claim upon which relief can be granted." Rule 8 requires that a "claim for relief" must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In assessing whether Rule 8(a)(2) is satisfied, the Court first identifies the elements of the

ORDER * 3

asserted claim based on statute or case law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The court then identifies the complaint's factual allegations and the legal conclusions: the court accepts the factual allegations as true and disregards the legal conclusions. *Id.* Then, assuming the veracity of the complaint's factual allegations, the court determines whether they plausibly give the right to an entitlement to relief. *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

**C.    Authority & Analysis**

Defendants seek dismissal of all claims set forth in Plaintiff's Complaint: wrongful termination in violation of public policy, hostile work environment, defamation, and WLAD-retaliation. Plaintiff has abandoned his hostile work environment, defamation, and injunctive-relief claims; accordingly, those claims will be dismissed. (ECF No. 22, at 2.)

ORDER * 4

In light of this concession, Defendants limit their failure-to-state-a-claim arguments to Plaintiff's claims for retaliation and wrongful discharge in violation of public policy. They also argue for dismissal of all claims against any remaining Individual Defendants. The Court similarly limits its analysis to those arguments.

    1.  <u>Wrongful Termination</u>

Defendants ask the Court to dismiss Plaintiff's wrongful-termination claim because he does not sufficiently plead all essential elements. To state a claim for wrongful termination in violation of public policy, a plaintiff must prove:

> (1) the existence of a clear public policy (*clarity* element);
> (2) that discouraging the conduct in which he or she engaged would jeopardize the public policy (*jeopardy* element); and (3) that the public-policy-linked conduct caused the dismissal (*causation* element).

*Korslund, v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 178 (2005). In addition, the defendant must not be able to justify the dismissal (*absence of justification* element). *Id*. This public-policy based wrongful-termination claim is a narrow exception to Washington's general rule of employment at will. *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 232 (1984).

The plaintiff "must plead and prove that a stated public policy, either legislatively or judicially recognized, may have been contravened." Thompson, 102 Wn.2d 219 at 232-33. A plaintiff must show either an actual violation of law or that the purpose of the law was violated. *See Brundridge v. Flour Fed. Serv. Inc.*, 109 Wn. App. 347 (2001) (finding an employer's termination of employees based on employees' refusal to work with unsafe piping violated public policy).

ORDER * 5

The Court finds the Complaint insufficient.  Plaintiff's Complaint alleges only that Defendants "participated in an unlawful scheme or course of conduct" that ended in Plaintiff's wrongful termination, "in violation of public policy, rules and regulations, and the charter of the WSMC."  (ECF No. 1, ¶ 17.)  It fails to articulate the specific public policy, rules and regulations, or portions of the WSMC Charter that Defendants allegedly violated.  Furthermore, he fails to plead two additional elements: the jeopardy and absence-of-justification elements.  Plaintiff's Complaint contains no allegations that discouraging his conduct would jeopardize a clear mandate of public policy and that Defendants are unable to offer an overriding justification for his dismissal.  *See* ECF No. 1, ¶ 17.

Plaintiff submits that he need not plead each element of his claim in the complaint.  The Court disagrees.  *Iqbal* and *Twombly* require the asserting party to allege facts to support each element of the asserted claim.  Here, the inquiry is whether the Complaint's factual allegations, when all reasonable inferences are drawn therefrom, sufficiently allege a claim for wrongful termination in violation of public policy, which is focused on situations where a an employee is fired "for refusing to commit an illegal act, for performing a public duty or obligation, for exercising a legal right or privilege, or for engaging in a whistleblowing activity."  *Korslund*, 156 Wn.2d at 178 (citing *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 936 (1996)).  The relevant question "is whether the employee's termination would contravene some public, as opposed to purely private, interest."  *Reninger v. State Dept. of Corr.*, 134 Wn.2d 437, 447 (1998) (citing *Dicomes v. State*, 113 Wn.2d 612, 618

ORDER * 6

1   (1989) ("[P]ublic policy concerns . . . what affects the citizens of the
2   State collectively.")).

3       Plaintiff argues in his responsive briefing that he had a public
4   duty to report the illegal status of Board members to authorities.  This,
5   he argues, was a form of whistleblowing: allowing illegal-alien Board
6   members to remain on the Board could put the continued federal funding
7   in jeopardy.  He identifies a clear federal public policy against illegal
8   immigration and in favor of exposing those who reside here illegally
9   (clarity element).[2]  He presumably argues that discouraging his conduct
10  would jeopardize the federal government's ability to effectively
11  prosecute illegal immigrants (jeopardy element). And he further maintains
12  that Defendants terminated him because he exposed their illegal-immigrant
13  status (causation element).  Yet he leaves the justification element
14  unaddressed.  Accordingly, the Court concludes that Complaint's factual
15  allegations, even when justifiable inferences are taken therefrom, are
16  insufficient to support a wrongful-termination claim based on public
17  policy.[3]

18  /

19  _____

20      [2]  The Court notes that while the Washington Legislature lacks
21  authority to adopt laws regarding immigration, *see* 8 U.S.C. §
22  1324a(h)(2), a plaintiff may rely on federal law to establish a clear
23  public policy so long as it is not inconsistent with Washington law, *see*
24  *Korslund*, 156 Wn.2d at 181.

25      [3]  Plaintiff cursorily seeks leave to amend his Complaint to add
26  facts to support a claim for wrongful termination in violation of public
    policy.  He must do so formally by filing such a motion.

ORDER * 7

    2.  <u>Retaliation</u>

    Defendants ask the Court to dismiss Plaintiff's retaliation claim because he fails to identify a WLAD-protected act in which he engaged. RCW 49.60.210(1) prohibits an employer from discharging any person because he has 1) opposed any practices forbidden by the WLAD, or 2) participated in protecting against those forbidden practices.  To prove such cause of action, and employer must show "(1) he or she engaged in protected activity, (2) the employer took an adverse employment action, and (3) the employee's activity prompted the employer's action." *Burchfiel v. Boeing Corp.*, 149 Wn. App. 468, 482 (2009), *rev. denied* 166 Wn.2d 1038.

    Plaintiff's Complaint alleges that Defendants retaliated against Plaintiff because of his "actions in bringing to the attention of defendants their illegal activities, their undocumented, illegal alien status in some case[s], and their failure to abide by public policy, rules and regulations governing the WSMC."  (ECF No. 1, ¶ 21.)

    The Complaint fails, however, to allege that he opposed an activity forbidden by the WLAD or participated in protecting against those forbidden practices.  The WLAD forbids employers from discriminating against their employees based upon "race, creed, color, national origin, sex, honorably discharged veteran or military status, sexual orientation, or [disability]."  RCW 49.60.030(a).  Plaintiff's claim is based upon his opposition to the Board's unspecified illegal activities; Plaintiff's Complaint lacks any facts showing that Plaintiff opposed any discriminatory activities taken by the Board based on sex, race, national origin, disability, etc. *See id.*  Accordingly, his claim falls outside the purview of the types of discrimination the WLAD forbids.

ORDER * 8

Yet one WLAD provision may be potentially relevant to Plaintiff's claim. RCW 49.60.210(2) provides: "[i]t is unfair practice for a government agency or government manager or supervisor to retaliate against a whistleblower as defined in chapter 42.40 RCW." Despite his cursory statement that the WSMC, a private nonprofit organization, is primarily (approximately eighty-five percent) funded by federal Head Start funds, he fails to state how WSMC qualifies as a "government agency." He also asserts no facts indicating that he meets Washington's whistleblower definition. *See* RCW 42.40.020(10) (defining "whistleblower" for WLAD purposes). Accordingly, the Court concludes that Plaintiff has failed to state a WLAD-retaliation claim for which the Court could grant any relief against Defendants.[4]

    3.  Individual Defendants

Defendants seek dismissal of all claims against any remaining Individual Defendants,[5] past or present WSMC employees. Plaintiff's Complaint does not plead any facts sufficient to hold any of the remaining Individual Defendants personally liable to him on either his wrongful-termination or retaliation claims. Here, Plaintiff's Complaint alleges it was the Board collectively-not any member acting individually-who decided to terminate Plaintiff. This does not meet the

---

[4]  Plaintiff must formally seek leave to amend his Complaint to add facts to support a claim for WLAD-retaliation against whistleblowers under RCW 49.60.210(2) by filing such a motion.

[5]  On December 14, 2010, the Court granted the parties' Stipulation to dismiss those Individual Defendants who were current or former Board members. (ECF No. 19.)

ORDER * 9

"plausibility" standard of *Iqbal* and *Twombly* because it does not contain sufficient facts about any Individual Defendant's conduct to "raise a right to relief [against him or her] above the speculative level." *Twombly*, 550 U.S. at 557. Accordingly, the Court finds the Complaint's allegations against the Individual Defendants are insufficient to survive a Rule 12(b)(6) motion.[6]

**C.   Conclusion**

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Based on Plaintiff's abandonment, the following claims in Plaintiff's Complaint are **DISMISSED WITH PREJUDICE** against all remaining defendants: hostile work environment, defamation, and injunctive relief.

2. The words "PROMISSORY ESTOPPEL" are **STRICKEN** from the caption of Plaintiff's Complaint: the Complaint does not plead any such claim.

3. Defendants' Motion to Dismiss in Full (Individual Defendants) or in Part (WSMC) **(ECF No. 5)** is **GRANTED** as set forth below, but the ruling is **STAYED** for sixty (60) days.

a. All Plaintiff's remaining claims against each of the remaining Individual Defendants (Jorge Castillo, Enrique Garza, Bernardo Jaramillo, Luana Lumley, and their respective marital communities) are **DISMISSED WITHOUT PREJUDICE.**

---

[6] If Plaintiff seeks leave to amend his Complaint to add facts to support claims against any Individual Defendant for WLAD-retaliation against whistleblowers under RCW 49.60.210(2) and wrongful-termination in violation of public policy, he must do so formally by filing such a motion.

ORDER * 10

b.  Plaintiff's claim for wrongful discharge in violation of public policy against WSMC is **DISMISSED WITHOUT PREJUDICE** because it fails to state a claim upon which relief may be granted.

c.  Plaintiff's WLAD-retaliation claim is **DISMISSED WITHOUT PREJUDICE** (RCW 49.60.210(2)) and **DISMISSED WITH PREJUDICE** (RCW 49.60.210(1)) **IN PART** because it fails to state a claim upon which relief may be granted.

4.  If Plaintiff seeks to amend his Complaint, he must file a separate motion to amend, including a proposed amended complaint, **NO LATER THAN** fourteen (14) days from the date of this Order.  If that is filed, Defendants may file any objections to Plaintiff's motion to amend **NO LATER THAN** fourteen (14) days from the date of Plaintiff's motion; any reply shall be filed **NO LATER THAN** seven (7) days after any response filed.  No extensions of time or excess page limits will be granted.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 12th     day of April 2011.


                    S/ Edward F. Shea
                    EDWARD F. SHEA
                 United States District Judge


Q:\Civil\2010\3066.Dismiss.wpd

ORDER * 11